JUN 4 2026 A11 0

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

APRIL WILLIAMS
**Plaintiff**


v.


FEDEX FREIGHT INC. - NHC,
**Defendant**

**Civil Action No.:** _____
**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Plaintiff, April Williams ("Plaintiff"), filing Pro Se** (or by and through her undersigned counsel), respectfully submits this Complaint against **Defendant, FedEx Freight Inc. - NHC ("Defendant" or "FedEx Freight")**, seeking all available legal and equitable remedies, including back pay, front pay, compensatory damages, punitive damages, and injunctive relief, for systematic violations of the Americans with Disabilities Act, including an illegal "100% healed" return-to-work policy, explicit refusal to accommodate medical restrictions approved by her physicians, and unlawful retaliation for $300,000.00.

In support of her claims, Plaintiff states as follows:

## PRELIMINARY STATEMENT

- 1. This is an action brought to remedy systematic, severe, and unlawful disability discrimination and retaliation perpetrated by Defendant against Plaintiff in direct violation of the **Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA").**
- 2. The focal point of this action is Defendant's unlawful enforcement of a per se illegal "100% healed" or "full release without restrictions" policy. Specifically, while Plaintiff was on an approved medical Leave of Absence ("LOA"), Defendant flatly refused to engage in the federally mandated interactive process, completely ignored valid medical notes from her treating physicians, and explicitly barred her from returning to the schedule unless she was "100% healed."
- 3. To further penalize Plaintiff for her disability and her protected leave, Defendant systematically stripped her of standard financial adjustments, suppressed her pay

increases, and intentionally manipulated internal job postings to block her from securing lateral positions.

- 4. Following a comprehensive administrative review of these exact facts, the United States Equal Employment Opportunity Commission ("EEOC") Boston Area Office issued a formal Letter of Determination on March 18, 2026..
- 5. The EEOC explicitly charged FedEx Freight with discrimination, determining that Plaintiff successfully established a prima facie case of employment discrimination under the ADA, thereby officially rejecting Defendant's corporate narratives and shifting the legal burden of proof to Defendant to justify its unlawful conduct.

## JURISDICTION AND VENUE

- 6. This Court has subject-matter jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) because this action arises under the statutory civil rights laws of the United States, specifically the **ADA, 42 U.S.C. § 12117**.
- 7. Venue is proper in the **United States District Court for the District of Connecticut, Hartford Seat, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).** Defendant conducts substantial corporate business within this judicial district, and the substantial part of the unlawful, discriminatory, and retaliatory acts giving rise to these claims occurred directly at Defendant's facility located at **FedEx Freight Inc. - NHC, 161 Marsh Hill Road, Orange, CT 06477**.

## PARTIES

- **8.** Plaintiff, April Williams, is an adult individual who at all times relevant was a citizen of the United States residing in Enfield, Connecticut, and an employee of Defendant within the meaning of the ADA.
- 9. Plaintiff is a "qualified individual with a disability" as defined by **42 U.S.C. § 12111(8).** She possesses physical and/or mental impairments that substantially limit one or more major life activities, but who, with or without reasonable accommodation, can perform the essential functions of the employment positions she held or desired.
- 10. Defendant, **FedEx Freight Inc. - NHC**, is a major corporate entity doing business in the State of Connecticut, maintaining an employer footprint of over 100 employees at its facility located at **161 Marsh Hill Road, Orange, CT 06477**. Defendant is an "employer" within the meaning of the **ADA, 42 U.S.C. § 12111(5).**
- 11. Defendant, **FedEx Freight Inc. - NHC**, is a major corporate entity doing business in the State of Connecticut, maintaining an employer footprint consisting of approximately 101 to 200 employees at its facility located at **161 Marsh Hill Road, Orange, CT 06477**.
- 12. Defendant is an "employer" within the meaning of **Title VII (42 U.S.C. § 2000e(b)), the ADA (42 U.S.C. § 12111(5)), and the ADEA (29 U.S.C. § 630(b)).**

- 13. Defendant's management, personnel, and corporate response to these violations have been handled under the supervision and attention of designated agents, including representative **Chad Dickson** (Chad dick on a fedex.com).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

- 14. Plaintiff has fully exhausted her administrative remedies. She timely filed a formal Charge of Discrimination with the EEOC, cross-filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), docketed as **EEOC Charge No. 523-2025-03517**.
- 15.. The EEOC Boston Area Office, located at the John F. Kennedy Federal Building, Government Center, Room 475, Boston, MA 02203, initiated a full investigation into Plaintiff's allegations and Defendant's employment practices.
- 16. On March 18, 2026, the Director of the EEOC Boston Area Office issued an official administrative Letter of Determination on the merits of **Charge No. 523-2025-03517**, explicitly finding that Plaintiff "established a prima facie case of employment discrimination under the ADA."
- 17. The Director of the EEOC Boston Area Office formally determined that Defendant is an employer subject to Title VII and the ADA, that timeliness and all other statutory requirements for coverage were successfully met, and that Plaintiff "established a prima facie case of employment discrimination under the ADA."
- 18. The EEOC explicitly concluded that because Plaintiff established her prima facie case, the legal burden of proof shifted squarely to FedEx Freight to provide a non-discriminatory justification for its course of conduct. This Complaint is timely filed within ninety (90) days of the conclusion of the EEOC's administrative processes.

## GENERAL FACTUAL ALLEGATIONS

### A. The Approved Leave of Absence and Financial Disparate Treatment

- 19. Throughout 2023, 2024, 2025, and continuing up to May 2026, Plaintiff was away from active duty on a formally approved, medically necessary Leave of Absence ("LOA") related to her protected disability.
- 20. While Plaintiff was out on this approved medical leave, Defendant utilized her disability status and absence to alter the terms, conditions, and privileges of her employment to her profound financial detriment.
- 21. Specifically, Defendant systematically withheld, denied, and blocked Plaintiff from receiving standard corporate cost-of-living adjustments, standard pay increases, and performance-based bonuses that she was otherwise eligible to receive. Non-disabled

employees who were not on a protected medical leave were routinely awarded these same financial raises and bonuses.

- 22. Non-disabled, male, and/or younger employees who were not on a leave of absence or who had not engaged in protected medical activity were awarded these financial raises and bonuses during the identical timeframe.

## B. The "100% Healed" Return-to-Work Block and Rejection of Physician Notes

- 23. Plaintiff subsequently sought to return to active work and obtained an official, written medical clearance from her treating physician.
- 24. The physician's note explicitly cleared Plaintiff to return to active employment on a "light duty" basis, outlining routine, reasonable physical restrictions and accommodations that would allow her to safely execute her job duties without worsening her medical condition.
- 25. Armed with her physician's written authorization, Plaintiff made repeated, diligent, and documented attempts to enter into the "interactive process"—the collaborative communication channel mandated under the ADA—to discuss implementing these doctor-approved modifications.
- 26. Defendant's management completely stonewalled, ignored, and rebuffed every single one of Plaintiff's requests to discuss accommodations, while simultaneously allowing non-disabled or differently situated employees to utilize light-duty accommodations.
- 27. On or around June 5, 2025, the underlying corporate policy dictating this obstruction was made explicit. Plaintiff received an official email communication from FedEx Freight management representative Zach Wolverton.
- 28. In this email, management explicitly informed Plaintiff that she would not be permitted back on the schedule or allowed to return to work in any capacity unless and until she obtained and submitted a "full release without restrictions."
- 29. Under long-standing federal employment law, a corporate policy requiring an employee to be "100% healed" or have a "full release with zero restrictions" before returning to work is a per se violation of the ADA, because it completely bypasses an employer's individual duty to evaluate and accommodate qualified workers with disabilities.

## C. Systematic Blocking of Lateral Transfers and Job Opportunities

- 30. Unable to return to her original role due to Defendant's unlawful "100% healed" barrier, Plaintiff actively monitored internal postings to find open roles compatible with her medical restrictions.

- 31. On a weekly basis throughout her leave, Plaintiff submitted formal applications for multiple internal lateral positions and promotional opportunities for which she was highly educated, experienced, and fully qualified.
- 32. Defendant systematically denied Plaintiff any opportunity to interview, completely shutting her out of the screening process.
- 33. To ensure Plaintiff remained completely barred from the workplace, Defendant repeatedly engaged in bad-faith hiring practices. On multiple occasions, within 24 hours of Plaintiff submitting an application for an open position, Defendant abruptly altered, closed, or withdrew the job posting specifically to prevent her from being considered..

## D. The EEOC Investigation and Explicit Discrimination Charge

- 34. During the EEOC investigation, Defendant submitted a formal Position Statement falsely asserting that it had "continuously and diligently worked with her to accommodate her need for leave from work and her attempts to return to work."
- 35. Following a thorough review of the complete evidentiary record.including the explicit June 5, 2025 email from Zach Wolverton enforcing the unrestricted release requirement the EEOC Boston Area Office completely rejected Defendant's narrative.
- 36. On March 18, 2026, the EEOC formally charged FedEx Freight with discrimination, concluding that Plaintiff's evidence overwhelmingly established a prima facie case of disability discrimination on the merits, rendering Defendant's corporate defenses legally insufficient.

## E. The EEOC Position Statement and Agency Rejection

- 37. The discriminatory, hostile, and retaliatory actions executed by Defendant began on or about the earliest date of **June 6, 2025**, and escalated through a continuous pattern of adverse actions up to at least **December 23, 2025**.
- 38. During the course of the EEOC investigation, Defendant submitted a formal Position Statement to the federal agency in an attempt to shield itself from legal liability.
- 39. In its official Position Statement, Defendant untruthfully alleged: "It is clear FXF has not discriminated against Charging Party based on her disability. Indeed, as shown above, FXF has continuously and diligently worked with her to accommodate her need for leave from work and her attempts to return to work."
- 40. Defendant's position statement further issued blanket denials, claiming it did not discriminate against Plaintiff based on her race, sex, age, or in retaliation for her participation in legally protected activities.
- 41. Following a thorough review of the documentation, emails (**including the June 5, 2025 email from Zach Wolverton**), and the evidentiary record, the EEOC Boston Area Office fully rejected Defendant's narrative.

- 42. On **March 18, 2026**, the federal agency concluded that Plaintiff's evidence was overwhelming enough to establish a formal prima facie case of discrimination on the merits, rendering Defendant's defenses legally insufficient to stop the burden of proof from shifting squarely onto FedEx Freight.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA

### (Failure to Accommodate, & Disparate Treatment)

43. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein

44. At all times relevant, Plaintiff was a qualified individual with a disability under the ADA who could perform the essential functions of her position with or without reasonable accommodations.

45. Defendant was fully aware of Plaintiff's disability, her medical leave status, and the clear medical notes provided by her treating physicians.

46. Defendant violated the ADA by flatly refusing to engage in good faith in the mandatory interactive process, refusing to provide reasonable light-duty accommodations, and intentionally withholding standard financial pay increases and corporate bonuses due to her disability status.

## COUNT II: DISCRIMINATION IN VIOLATION OF TITLE VII
## (Enforcement of an Unlawful Per Se Corporate Policy)

47. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

48. Defendant maintains and enforces an illegal, blanket corporate policy that prevents employees on medical leave from returning to the workplace or being placed back on the schedule unless they are "100% healed" or possess a "full release without restrictions."

49. Defendant directly applied this unlawful policy to Plaintiff through its management agents on June 5, 2025, effectively operating as an absolute, discriminatory barrier to her employment.

50. By conditioning Plaintiff's return to work on a total absence of medical restrictions, Defendant committed a per se violation of the ADA, completely denying her the individualized assessment and reasonable accommodations guaranteed by federal law.

## COUNT III: DISCRIMINATION IN VIOLATION OF TITLE VII

51. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

52. Plaintiff engaged in legally protected activity under federal law by utilizing an approved medical leave of absence, submitting physician-approved medical restrictions, and repeatedly requesting reasonable accommodations to return to work.

53. In close temporal proximity to these protected activities, Defendant subjected Plaintiff to a continuous, severe pattern of adverse employment actions.

54. These retaliatory actions included suppressing her regular pay increases, barring her from corporate bonuses, completely ignoring her lateral job applications, manipulating and deleting job postings within 24 hours of her applying, and officially banning her from the schedule until she was completely free of medical restrictions.

55. Defendant's actions constitute unlawful retaliation explicitly designed to penalize Plaintiff for exercising her statutory rights under the ADA.

## COUNT IV: HOSTILE WORK ENVIRONMENT AND CIVIL RIGHTS CLAIMS

### (Disparate Treatment Under Federal Law)

56. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

57. While out on her protected leave of absence, Defendant subjected Plaintiff to hostile, discriminatory terms and conditions of employment, including the systematic eradication of her upward mobility, career stalling, and financial deprivation.

58. To the extent Defendant claims its adverse actions were based on factors other than disability, Defendant treated Plaintiff—a female worker born in 1980—with severe disparity compared to younger, male, and non-disabled employees who were routinely accommodated, interviewed, and given financial adjustments, in violation of the broader protective mandates of federal employment law.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII, THE ADA, AND THE ADEA

59. Plaintiff realleges and incorporates paragraphs 1 through 43 as if fully set forth herein.

60. Plaintiff engaged in legally protected activities under federal law by utilizing an approved medical leave of absence, requesting reasonable accommodations for a disability, attempting to initiate the interactive process, and asserting her rights against disparate financial treatment.

61. Immediately following, and in close temporal proximity to, these protected activities, Defendant retaliated against Plaintiff by subjecting her to a continuous pattern of adverse employment actions.

62. These retaliatory acts included withholding her regular pay increases, blocking her out of corporate bonuses, ignoring her job applications, deleting job openings within 24 hours of her application, and telling her she was barred from the workplace until she was "100% healed."

63. Defendant's adverse actions were direct retaliation meant to punish Plaintiff for exercising her statutory rights and to discourage her from pursuing her career at **FedEx Freight.**

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant FedEx Freight Inc. - NHC, granting $300,000.00 for the following relief:**

- A Declaratory Judgment declaring that the acts, policies, and practices of Defendant violate the Americans with Disabilities Act;

- A Permanent Injunction restraining and enjoining Defendant, its officers, and its agents from continuing to enforce an illegal "100% healed" return-to-work policy and restraining them from discriminating or retaliating against Plaintiff;

- An Order for Make-Whole Relief, including directing Defendant to place Plaintiff on the active schedule in an appropriate lateral position with full accommodations, or awarding front pay in lieu of placement;

- An Award of Comprehensive Financial Damages encompassing all lost back pay, past and future lost wages, cost-of-living adjustments, withheld corporate bonuses, and lost benefits, plus pre-judgment interest;

- An Award of Compensatory Damages to compensate Plaintiff for the severe emotional distress, mental anguish, humiliation, and deep damage to her career progression caused by Defendant's bad-faith actions;

- An Award of Punitive Damages based on Defendant's intentional, malicious, and reckless indifference to Plaintiff's clearly established federal civil rights under the ADA; and

- Such other, further, or alternative relief as this Court deems just, equitable, and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all counts and issues in this action so triable.

Dated this ___3___ day of ___June___, 2026

Respectfully submitted,

By: _____

**April Williams** (*Plaintiff Pro Se*)
P O Box 198, Enfield, CT 06083
(860) 671-5475

**JURY DEMAND**
Do you wish to have a jury trial? [ X ] Yes  [ ] No

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Milford   CT___ on ___June  3, 2026___
        (location)                    (date)

___April Williams___
Plaintiff  Print Name

_____
Plaintiff Original Signature

Subscribed and Sworn Before me___Salvatore A. Cavallaro___ Date___June 3, 2026___

**SALVATORE A. CAVALLARO**
NOTARY PUBLIC
My Comm. Exp. Oct. 31, 2027

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleadings/documents was served and/or mailed to Defendant's operational facility and its designated agents via corporate address at FedEx Freight Inc., 161 Marsh Hill Road, Orange, CT 06477 on June 3, 2026.

Filer Print Name

Filer Original Signature

Subscribed and Sworn Before me

Date    June 3, 2026

SALVATORE A. CAVALLARO
NOTARY PUBLIC
My Comm. Exp. Oct. 31, 2027



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number: (866) 408-8075
Boston Direct Dial: (617) 565-4805
Boston Direct Line: (617) 565-3200
TTY:   (617) 565-3204
FAX:   (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

March 5, 2026

April Williams
P.O. Box 198
Enfield, CT  06083
**[Charging Party]**

v.

Fedex Freight, Inc.
161 Marsh Hill Road
Orange, CT  06477
Attn.  Chad.dickson@fedex.com or Brian.jenkins@fedex.com
**[Respondent]**

Re:    Williams v. Fedex Freight, Inc.
       EEOC Charge 523-2025-03517

## LETTER OF DETERMINATION

Dear Parties:

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Americans with Disabilities Act of 1990, as amended (ADA). Section 704(b) and timeliness and all other requirements for coverage have been met.

Charging Party claimed employment discrimination in violation of Title VII and the ADA.

Charging Party has established a prima facie case of employment discrimination under the Title VII and the ADA. Once a prima facie case has been established by the Charging Party in a complaint of employment discrimination, the burden of proof shifts to the Respondent in the matter to provide a legitimate, non-discriminatory justification for the course of conduct it has engaged in.

In as much as Respondent has been afforded every opportunity to respond to the charge of discrimination and has failed to do so as it relates to Charging Party's claims under the ADA,

the Commission at this time has determined that Respondent has failed to meet the burden of proof and that said silence is an admission of the allegations made and exercises its discretion to draw an adverse inference with respect to Charging Party's claims under Title VII.

Accordingly, Respondent is found to have engaged in employment discrimination in violation of the Title VII. However, there is insufficient evidence to show that Charging Party was subjected to employment discrimination by the Respondent because of her disability in violation of the ADA.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices through conciliation, Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter. Please contact Equal Opportunity Investigator Nicholas Soares Fuller at Nicholas_Soares_Fuller@EEOC.GOV within ten (10) days upon your receipt of this letter to indicate your willingness to participate in EEOC's conciliation program.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

You are reminded that Federal law prohibits retaliation against persons who have exercised their rights to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

*Feng An, Kenneth*

_____

Feng An, Kenneth, J.D.
Director
Boston Area Office

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Boston Area Office**
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/07/2026

**To:** Mrs. April Williams
P O Box 198
ENFIELD, CT 06083
Charge No: 523-2025-03517

EEOC Representative and email:    NICHOLAS SOARES FULLER
INVESTIGATOR
NICHOLAS.SOARESFULLER@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 523-2025-03517.

On behalf of the Commission,

Digitally Signed By:Feng K. An
04/07/2026
Feng K. An
Area Office Director

**Cc:**
Chad Dickson
8285 Tournament Dr
Memphis, TN 38125

NA NA
FedEx Freight
161 MARSH HILL RD
ORANGE, CT 06477


Please retain this Notice for your records.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number: (866) 408-8075
Boston Direct Dial: (617) 565-4805
Boston Direct Line: (617) 565-3200
TTY: (617) 565-3204
FAX: (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

**March 18, 2026**

April Williams
P.O. Box 198
Enfield, CT 06083
**[Charging Party]**

**v.**

Fedex Freight, Inc.
161 Marsh Hill Road
Orange, CT 06477
Attn. ( l  l   k  ı  ⁄  l   ⱶ  ın
**[Respondent]**

Re:    Williams v. Fedex Freight, Inc.
       EEOC Charge 523-2025-03517

## LETTER OF DETERMINATION

Dear Parties:

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Americans with Disabilities Act of 1990, as amended (ADA). Section 704(b) and timeliness and all other requirements for coverage have been met.

Charging Party claimed employment discrimination in violation of Title VII and the ADA. Charging Party has established a prima facie case of employment discrimination under the ADA. Once a prima facie case has been established by the Charging Party in a complaint of employment discrimination, the burden of proof shifts to the Respondent in the matter to provide a legitimate, non-discriminatory justification for the course of conduct it has engaged in.

In Respondent's position statement, Respondent noted, "It is clear FXF has not discriminated against Charging Party based on her disability. Indeed, as shown above, FXF has continuously and diligently worked with her to accommodate her need for leave from work and her attempts to return to work." Respondent further denied discriminating against Charging Party based on her race, sex, age, or retaliation for participating in legally protected activity.

However, based on the evidence provided to the EEOC, on June 5, 2025, Respondent did not allow Charging Party to return to work, without restrictions, because of her disability. Emails to the Charging Party on that date stated, "Did you get a full release without restrictions from the Dr.? We cannot return you to work until we have that.  " By not allowing Charging Party to return to work for this reason, Respondent violated the ADA in that, under the ADA, employees who need reasonable accommodations to return to work or perform the essential functions of their role must be provided them, unless Respondent can demonstrate that the disability-based accommodations requested amount to an undue hardship on their operations or were unduly burdensome on Respondent. Here, no undue hardship defense has been provided, and this standard has not been met.

Accordingly, Respondent is found to have engaged in employment discrimination in violation of the ADA. However, there is insufficient evidence to show that Charging Party was subjected to employment discrimination by the Respondent, based on her race, sex, or age, in violation of Title VII.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices through conciliation, Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter. Please contact Equal Opportunity Investigator Nicholas Soares Fuller at    ich l  .  ock Fuller a EEOC.COV within ten (10) days upon your receipt of this letter to indicate your willingness to participate in EEOC's conciliation program. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

You are reminded that Federal law prohibits retaliation against persons who have exercised their rights to inquire or complain about matters they believe may violate the law. Discrimination against people who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

*Feng An, Kenneth*

Feng An, Kenneth, J.D.
Director
Boston Area Office

EEOC No. 523-2025-03517 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 523-2025-03517 |
| Connecticut Comm. On Human Rights & Opportunities | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mrs. April Williams

Phone No.:          (860) 671-5475
Year of Birth:      1980
Mailing Address: P O Box 198
ENFIELD, CT 06083

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: FEDEX FREIGHT INC. - NHC

No. Employees, Members: 101 - 200 Employees

Phone No.:

Mailing Address: 161 MARSH HILL RD

ORANGE, CT 06477, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Age, Disability, Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 06/06/2025

Latest: 12/23/2025

Continuing Action

THE PARTICULARS ARE:

I am a qualified individual with a disability as defined under the Americans with Disabilities Act of 1990, as amended (ADA"). I believe that I was subjected to different terms and conditions than other employees, discriminated and retaliated against based on my race, sex (female), age, and disability by my employer, FedEx Freight (the Respondent) in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), The Age Discrimination in Employment Act 1967, as amended (ADEA), and The Americans with Disabilities ACT 1990, as amended (ADA).

Throughout 2024 and 2025, while out on an approved Leave of Absence (LOA), I have been denied pay increases, bonuses, and lateral position transfer to positions I was more than qualified for. I have applied for multiple positions within the company every week and am never afforded an opportunity for an interview. There have also been instances when I applied for a position, and it has been taken down within 24 hours of my applying.

I received a doctor's note clearing me to return to work on light duty with the request of some accommodations. Because of this I have made attempts enter the interactive process for a reasonable accommodation that would allow me to return to work, all of which have been ignored. In the past, the Respondent has let male employees return to work on light duty with accommodations and I am continually denied or ignored. On or around June 5, 2025, I was informed via email by Zach Wolverton that I could not return to work unless I received a full release without restrictions.

EEOC No. 523-2025-03517 | FEPA No.

Based on the above, I believe I have been discriminated and retaliated against due to my race, sex (female), age, and disability in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), The Age Discrimination in Employment Act 1967, as amended (ADEA), and The Americans with Disabilities ACT 1990, as amended (ADA).

EEOC No. 523-2025-03517 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mrs. April Williams
12/23/2025
_____
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____        _____